WARDSWORTH VS. SIBLEY.    WARDSWORTH, imp., VS. SIBLEY.

CERTIORARI:   (1) *Does not lie to bring up judgments of courts of record proceeding according to common law.*   (2) *Jurisdiction of supreme court over the writ.*

1. If a court of record proceeding according to the course of the common law (such as the county court of Milwaukee county) has rendered a judgment in a cause in which it never acquired jurisdiction of the defendant, the remedy is by appeal or writ of error; and *certiorari* will not lie to such a court to bring up its *judgment* for review.
2. The jurisdiction of the writ of *certiorari* granted to this court by the state constitution, is limited to cases in which such a writ would have been an available and appropriate remedy at the time when the constitution was adopted.

MOTIONS to quash writs of *Certiorari.*
*Jenkins, Elliott & Winkler,* for the motions.
*Patchen & Weed, contra.*

COLE, J.    A motion is made in each of these causes to supersede or quash the common law writs of *certiorari* which have been issued by this court.   The writs are directed to the county court of Milwaukee county, and were sued out for the purpose of bringing up to this court for review final judgments of that court.   It is claimed that the county court rendered judgments in these causes without having acquired jurisdiction of the defendants in the action, and that a common law writ of *certiorari* is an appropriate remedy for correcting the error. In support of the motion, it is insisted that the writ will not lie to the county court, and that the matters set forth in the application constitute no ground for issuing the writs, and that they have been improvidently granted.   We think the motions to supersede the writs must prevail.   *Hauser v. The State,* 33 Wis., 678–683.

The county court of Milwaukee county is a court of record, proceeding according to the course of the common law; and

an appeal or writ of error will lie directly from the judgments of that court to the supreme court. If the county court has proceeded to render judgment in a cause in which it never acquired jurisdiction of the defendant, the remedy by writ of error or appeal is ample and adequate. The general rule as laid down in the books is, that a common law *certiorari* will not issue where a party has another adequate remedy ; and it is certainly a novel application of such a writ to make it perform the office of a writ of error to bring up for review a final judgment of a court of record. In the case of *Cooke et al., Petitioners*, 15 Pick., 234–237, the court uses this language: "The question is, what is the legal and proper remedy or process, for the purpose of correcting any errors in the proceedings, after final judgment rendered, or the final decision of the cause ; and it seems to be well settled, by the English authorities, that after final judgment in a court of record proceeding according to the course of the common law, the only remedy is by writ of error. But where the court below is not a court of record, or does not proceed according to the course of the common law, no writ of error will lie, and the proper remedy is by *certiorari.*" In this state, where the writ is issued to a justice of the peace, it is only jurisdictional questions which will be examined. *Owens v. The State*, 27 Wis., 456 ; *State v. Huck*, 29 id., 202 ; *Milwaukee Iron Co. v. Schubel*, id., 444 ; *Callon. v. Sternberg*, decided at this term. It is true, the case of *Cooke, supra*, was a criminal case, but the same rule has been applied in civil actions. Thus Tidd lays down the doctrine, that "after judgment, a *certiorari* does not in general lie, to remove a cause from an inferior court ; and therefore, if it be returned thereon that the defendant is condemned by judgment, he shall be remanded, and continue in prison without being let to bail against the will of the plaintiff, until agreement be made with him of the sum adjudged." 1 Tidd's Pr., 400. And Mr. Chitty, in speaking of what may be effected by the writ of *certiorari*, and after giving instances in which it will issue, ob-

serves, that, "as in criminal cases, so in civil, the court will not remove the proceedings in an action after judgment below, especially when a judgment by default." 2 Chitty's Gen. Pr., 354. It is possible that the office of the writ may have been enlarged so as to review the proceedings of boards of assessment and equalization of taxes, and the action of commissioners of highways; but we know of no case which holds that it is a proper process to bring up for review the final judgment of a court of record proceeding according to the course of the common law. The remedy by appeal or by writ of error has been deemed the proper remedy, or mode of procedure to use for bringing before the appellate court such judgments; and we think it was the one which should have been resorted to by the aggrieved party in the actions before us. See *In re Haney*, 14 Wis., 418; *People v. Betts*, 55 N. Y., 600; and the cases cited in 15 Pick., *supra.*

In order to show that the writs were properly issued in the cases before us, the counsel have referred to and rely upon the power vested in this court, under the constitution and laws, to issue writs of *certiorari* and to determine the same. There can be no doubt about the jurisdiction of this court to grant the writ in a proper case. The constitution refers to the writ as it was used and applied in practice when the constitution was adopted, and did not intend to give it a scope or object different from its original and appropriate function. Wherever, when the constitution was adopted, a common law writ of *certiorari* was an available and appropriate process to bring up for review the proceedings of an inferior court or tribunal, there it can now be resorted to. But we think it would be contrary to all practice and all precedent to make it a substitute for a writ of error or appeal, to bring up for review the final judgments of courts of record proceeding according to the course of the common law.

*By the Court.* — The motions to supersede the writs herein are granted.