EDELMAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 248. Argued February 6, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 386.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. The only issue raised, briefed and considered is the consequence of a change made by the Wisconsin legislature in the statute controlling paroles from state prisons and the Milwaukee county house of correction. As amended by sec. 300 of ch. 90, Laws of 1973, the parole statute, sec. 57.06 (1) (a) reads as follows, additions to the statute underlined, and deletions stricken:

"57.06 (1) (a) The department may parole an inmate of the Wisconsin state prisons or any felon or any person serving at least one year or more in the Milwaukee county house of correction or a county reforestation camp organized under s. 56.07, at any time if there is no minimum prescribed for the offense, or when he has served the minimum term prescribed by statute for the offense (which shall be one year unless a greater minimum is prescribed by the statute defining the crime) or one-half of the maximum of an indeterminate term or 2 years, whichever is least, or when he has served 20 years of a life term, less the deduction earned for good conduct as provided in s. 53.11. The district attorney and judge who tried the inmate shall be notified in writing at least 10 days before the first application for parole is acted upon and if they so request shall be given like notice of each subsequent application."

The issue raised as to statutory construction is to the meaning of the clause added, "if there is no minimum prescribed for the offense," and the clause retained, "or when he has served the minimum term prescribed by statute for the offense." Both the attorney general and the state public defender, in their briefs and oral argument, agree that the statute's reference to "at any time"

is not to be read without reference to the clause added and the clause retained that follow the reference. Neither the attorney general nor the state public defender argue or suggest that the statutory change results in parole eligibility with no statutory or judicially imposed minimum period of incarceration to be served. Instead the attorney general contends that the change in the parole statute restores the right of trial judges to impose minimum sentences to be served, while the state public defender argues that the statutory change, while deleting a specific reference to a one-year minimum, leaves unchanged provisions of ch. 973 of the Wisconsin statutes requiring one year's incarceration before becoming eligible for parole.

It is the position of the attorney general that the clause added, "if there is no minimum prescribed for the offense," cannot be read to mean a minimum sentence imposed by statute. The reason: The clause immediately precedes the clause retained, "or when he has served the minimum term prescribed by statute." To construe both clauses as references to statutorily prescribed minimums would leave no reason for adding the second clause. One would be superfluous, and statutes are to be construed so that no part or provision is rendered superfluous by the construction given. (Citing: State v. Franklin (1971), 49 Wis. 2d 484, 487, 182 N. W. 2d 289.) So the attorney general concludes that the added clause's reference to "minimum prescribed" must be to a minimum apart from a statutory enactment. It is submitted that this could be only a court-imposed sentence. So it would follow that the clause added refers to a court-imposed minimum. Separate meanings must be accorded the clause added and the clause retained. (Citing: Milwaukee v. Shoup Voting Machine Corp. (1972), 54 Wis. 2d 549, 553, 196 N. W. 2d 694.) Since the legislature used two different phrases to describe the minimum, and in order to give effect to both

the clause added and the clause retained, the attorney general submits that the clause added must be construed to mean "minimum prescribed *by the court* for the offense." The attorney general contends that the trial court, in the case before us, did, therefore, have the right to impose a minimum sentence of five years.

It is the position of the state public defender, representing the defendant, that provisions of ch. 973, Stats., relating to sentencing, do establish a one-year minimum sentence on all indeterminate sentences to the state prisons. The added clause and retained clause alike are references to such statutory establishment of a one-year minimum on indeterminate terms to the state prisons. Statutes are to be read together. (*Citing: State v. Fish* (1963), 20 Wis. 2d 431, 438, 122 N. W. 2d 381.) The public defender sets forth sec. 973.02, dealing with place of imprisonment, providing ". . . 2) a sentence of more than one year shall be to the Wisconsin state prisons and the minimum under the indeterminate sentence law shall be one year . . . ." He additionally relies upon sec. 973.15, providing ". . . (1) All sentences to the Wisconsin state prisons shall be for one year or more, except as provided in s. 973.01 (4). . . ." The public defender sees these statutes as prescribing a minimum sentence of one year for all indeterminate sentences. Rejecting the claim of right of a trial court to set a minimum sentence, the public defender notes that sec. 973.01, as to sentences for a term of years, provides that the court "may fix a term less than the prescribed maximum" but provides for the form of sentence to be: "You are hereby sentenced to the Wisconsin state prisons for an indeterminate term of not more than : . . (the maximum as fixed by the court) years." The public defender submits that a minimum sentence under the indeterminate sentence law is one year and that a trial court has no authority to impose a greater (or lesser) minimum term.

Unless the state public defender is correct in contending that ch. 973, Stats., contains a one-year minimum for indeterminate sentences, we would conclude that the attorney general correctly concludes that a trial court's right to fix a minimum sentence has been revived and restored. The clause added—"if there is no minimum prescribed for the offense"—could hardly be a reference to a nonexistent statutory minimum and, particularly not, where the clause retained—"or when he has served the minimum term prescribed by statute for the offense" —specifically refers to statutorily prescribed minimum sentences. So the initial inquiry must be as to whether, with a specific reference to a one-year minimum deleted from the parole statute, does there remain a one-year minimum for indeterminate sentences contained in the sentencing statutes.

To the question of whether the sentencing statutes contain a one-year minimum for indeterminate sentences, we answer in the affirmative. Wisconsin has had an indeterminate sentence law since 1925. (Ch. 359, Laws of 1925.) Prior to that time trial courts imposed sentences with both maximum and minimum limits. Upon adoption of the indeterminate sentence law, the minimum term was statutorily set at one year. (Sec. 359.07, Stats. 1925.) In 1931, the legislature further provided that minimum sentences were to be those "fixed by . . . law." (Ch. 181, Laws of 1931.) The attorney general correctly construed this revision as depriving trial courts of the right to impose minimum sentences. (21 Op. Atty. Gen. (1932), 546.) The attorney general correctly concluded that the statutory provisions in the sentencing law were "to the effect that the minimum term shall be that fixed by law—not that fixed by the court." (32 Op. Atty. Gen. (1943), 412, 414.) Subsequently, the statutory reference in the sentencing statute was changed to be "minimum fixed by statute." (Ch. 631, Laws of 1949.) While this language was subsequently omitted, sec. 959.044 (b),

Stats. 1957, and sec. 973.02, Stats. 1971, continued to require a minimum term of one year in a sentence to the state prisons. Such statutory requirement of a one-year minimum, as stated in sec. 973.02, is that "the minimum under the indeterminate sentence law shall be one year." Additionally, sec. 973.15 requires that: "All sentences to the Wisconsin state prisons shall be for one year or more. . . ." We hold that the adoption of sec. 300 of ch. 90 of the Laws of 1973, did not remove the one-year minimum parole eligibility period required by the sentencing provisions of secs. 973.02 and 973.15.

There remains the question of whether the amendment to the parole eligibility statute has re-established the right of trial courts in this state to fix minimum, as well as maximum, sentences. The question arises because the clause added—"if there is no minimum prescribed for the offense"—differs from the clause retained—"or when he has served the minimum prescribed by statute." The additional words "by statute" present in the clause retained and absent in the clause added, do create an ambiguity. The statute is capable of being understood by reasonably well-informed persons in either of two senses. (*State ex rel. Neelen v. Lucas* (1964), 24 Wis. 2d 262, 267, 128 N. W. 2d 425.) This being so, resort to matters outside the face of the statute is permitted to determine the meaning thereof, primarily for the purpose of ascertaining legislative intent. (*Kindy v. Hayes* (1969), 44 Wis. 2d 301, 308, 171 N. W. 2d 324.) On the very narrow question of construction presented, we do not find the history, subject matter or the object intended to be remedied or accomplished in any way helpful. But we do note that in the determination of legislative intent when there are several statutes relating to the same subject matter they should be read together and harmonized, if possible. (*City of Milwaukee v. Milwaukee County* (1955), 27 Wis. 2d 53, 56, 133 N. W. 2d 393.)

First recourse in construing a statute is to the language of the statute itself. Here the key to the puzzle is the meaning of the word "prescribed" used both in the clause added and the clause retained. The ordinary and common meaning of a doubtful word may be established by the definition of a recognized dictionary. (*Estate of Nottingham* (1970), 46 Wis. 2d 580, 588, 175 N. W. 2d 640.) One dictionary definition of the word "prescribe" is: "To lay down beforehand as a rule of action; to ordain, appoint, define authoritatively." (Ballantine's, *Law Dictionary* (3d ed. 1969), page 981.) Another dictionary definition includes: "to lay down authoritatively as a guide, direction, or rule of action: impose as a peremptory order." (Webster's, *New International Dictionary* (3d ed., unabridged), page 1792.) The common meaning of the word "prescribe" includes the element of laying down a rule or giving directions. It involves the before-the-fact, broad, authoritative rule or guide-setting rather than an ad hoc determination of a particular sentence within prescribed limits. (*See also:* 33 Words and Phrases, page 617 (1971).)

This dictionary approach to the meaning of the word "prescribe" is supported by a reading and seeking to harmonize other statutory references to "prescribed" in the sentencing statutes. In sec. 973.01 (1) (a), Stats., it is provided: "If imprisonment in the Wisconsin state prisons for a term of years is *imposed,* the court may *fix* a term less than the *prescribed* maximum. . . ." (Emphasis supplied.) The same subsection refers to: ". . . the maximum as *fixed* by the court." (Emphasis supplied.) Sec. 973.01 (1) (b) also refers to a term *"fixed* by the court." (Emphasis supplied.) Sec. 973.02, cited by both parties in their briefs, begins: "When a statute authorizes imprisonment for its violation but does not *prescribe* the place of imprisonment. . . ." (Emphasis supplied.) As to the judicial imposition of individual

sentences, secs. 973.03 (2), 973.05 and 973.08 use the word "sentenced," and secs. 973.04 and 973.09 (1) use the word "imposed." It appears clear that the sentencing statutes use the word "prescribe" as referring to a statutory setting of limits, with the words "fixed," "sentenced," and "imposed" used to refer to the court's imposition of a sentence. Since both the clause added and the clause retained use the word "prescribed," we find support in the use of the word in other sentencing statutes for the holding that the clause added—"if there is no minimum *prescribed* for the offense"—as not restoring, or intended to restore, the right of a trial court in this state to fix a minimum sentence.

Holding that the sentencing statutes (ch. 973) require a one-year minimum on each sentence for an indeterminate term to the state prisons and holding that the amendment to the parole statute (sec. 57.06 (1) (a), Stats.) does not restore the right of trial courts to fix minimum sentences, we find the fixing of a minimum term to be served of five years in this case to be beyond the right or authority of the trial court to impose. The five-year minimum is surplusage, similar to the situation where a sentence in excess of that authorized by statute is imposed. (*See:* sec. 973.13.) This minimum, therefore, must be stricken from the sentence leaving the balance to stand as a sentencing of the defendant to an indeterminate term of not more than seven years.

*By the Court.*—Judgment modified and, as modified, affirmed.