STATE, Appellant, v. GOULETTE, Respondent.

*No. State 138.   Argued September 10, 1974.—Decided October 29, 1974.*

(Also reported in 222 N. W. 2d 622.)

208

210

For the appellant there was a brief by *Robert W. Warren,* attorney general, and *Charles R. Larsen,* assistant attorney general, and oral argument by *William L. Gansner,* assistant attorney general.

For the respondent there was a brief by *Howard B. Eisenberg,* state public defender, *Ronald L. Brandt,* assistant state public defender, attorneys, and *Charles E. White* of River Falls, of counsel, and oral argument by *Mr. Brandt.*

A brief amicus curiae was filed by *Frank J. Remington* of Madison, attorney, and *Walter F. Kelly* and *Goldberg, Previant & Uelmen,* all of Milwaukee, of counsel, for Wisconsin Civil Liberties Union Foundation.

BEILFUSS, J. Because the respondent was given a parole hearing in May of 1974, and released on parole in July, 1974, the case is moot. An order of this court either affirming or reversing the judgment appealed from would accomplish nothing insofar as the respondent is concerned. He has had the hearing he sought and he has been granted the affirmative relief he sought. An order of this court deciding the issues on the appeal could in no way affect his present status and the appeal is moot.[1]

---

[1] For the discussion of the determination of mootness *see Racine v. J-T Enterprises of America, Inc.* (1974), 64 Wis. 2d 691, 221 N. W. 2d 869.

Even though we have concluded this appeal is moot we deem it advisable to comment upon some of the issues raised because of their possible effect upon subsequent cases.

The major issue raised which may be the subject of future concern is whether the Parole Board's recommendation to refuse the granting of a parole is subject to judicial review.

In *Tyler v. State Department of Public Welfare* (1963), 19 Wis. 2d 166, 119 N. W. 2d 460, this court held that the refusal of a parole board to grant parole was not judicially reviewable under the Administrative Procedure Act, secs. 227.15 to 227.21, Stats. The State argues that the reasoning and holding of that case should be applied to this case and that review by certiorari should be denied. The respondent, through the State Public Defender, contends that *Tyler* deals only with procedures provided for in the Administrative Procedure Act and is not authority for a rule that judicial review is not available and that certiorari is available.

The State contends that the fact that a prisoner has no right to parole bears on the broader questions of whether there can be any judicial review of a parole refusal. Both parties cite *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, wherein this court concluded that ". . . the basic requirements of due process and fairness require that the department provide a limited hearing . . . ." to parolees prior to revocation of their parole. We also stated, however, at pages 549, 550, that:

"Once having determined that petitioners are entitled to revocation hearing, we deem it advisable to consider the right of review of the department's action in revocation. It is well established in this state that where there are no statutory provisions of judicial review, the action of a board or commission may be reviewed by way of certiorari.

"We, therefore hold that petitioners' right of review of a revocation hearing is by certiorari directed to the court of conviction. . . ." [2]

The State argues that because there is no right to parole and because there is no taking of anything from the applicant as there is in revocation, the action of the Parole Board is not subject to review by certiorari. This court has never so restricted the availability of the writ. *See Marquette Savings & Loan Asso. v. Twin Lakes* (1968), 38 Wis. 2d 310, 156 N. W. 2d 425. We held there that a common-law writ of certiorari was proper to review the purely discretionary refusal of a village board to grant a liquor license. In that case there was no taking of anything from the applicant and the applicant had no right to a license since the relevant statute provided only that "[e]ach town board, village board and common council may grant retail licenses. . . ." Sec. 176.05, Stats.

The court in *Tyler, supra,* stated at pages 172, 173:

*"The general rule is that refusal to parole is not subject to judicial review.* The fact that the courts of other states decline to review administrative refusal to parole is not conclusive on the question of whether our statutes make such refusal subject to proceedings for review under sec. 227.15 ff., Stats., but their decisions demonstrate that judicial review of such refusal would be unprecedented. We consider them persuasive that 'legal rights . . . or privileges' in sec. 227.15 should not be construed to include a prisoner's interest in parole.

"A general statement appears in 67 C. J. S., Pardons, p. 604, sec. 20, as follows:

" 'A parole is a mere matter of grace, favor, or privilege, and a prisoner is not entitled thereto as a matter of right. Subject to the limitations imposed by statute, the question whether a prisoner shall be paroled is a

---

[2] *Morrissey v. Brewer* (1972), 408 U. S. 471, 488, 489, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484; *Gagnon v. Scarpelli* (1973), 411 U. S. 778, 93 Sup. Ct. 1756, 36 L. Ed. 2d 656.

matter for the discretion of the paroling authority, whether it be a court or an officer, board, or commission. Under the statutes and decisions, the discretion of a parole board, commission, or officer as to releasing or refusing to release a prisoner on parole is absolute and not subject to review by a court where the board, commission, or officer acts according to law and without violation of, or departure from, positive statutory requirements.' "

However, as urged by amicus curiae, the proposition that judicial review is not available no longer remains valid, as more and more courts, especially where alleged constitutional deprivations are involved, are adopting the rationale expressed by the court in *United States ex rel. Johnson v. Chairman, New York State Board of Parole* (2d Cir. 1974), 925, 930, regarding review of the board's refusal to grant parole:

". . . Nor do we suggest that the courts should serve as 'super-Parole Boards.' But judicial review should be available where the Board has arrogated to itself decisions properly made only by the legislature, when the Board's decision in a case is inconsistent with statutory directives, when improper criteria are used, or when its decision has no basis in the prisoner's file. . . ." [3]

In light of the foregoing it seems clear that *Tyler, supra,* should not be extended to deny review by certiorari of parole refusals. Certiorari has traditionally been held to be available where statutory appeal is inadequate or nonexistent, *State ex rel. Johnson v. Cady, supra; Outagamie County v. Smith* (1968), 38 Wis. 2d 24, 155 N. W. 2d 639; and where there is no other adequate remedy, *Wardsworth v. Sibley* (1875), 38 Wis. 484; *State ex rel.*

[3] *See also: Monks v. New Jersey State Parole Board* (1971), 58 N. J. 238, 277 Atl. 2d 193; *Moore v. Florida Parole and Probation Comm.* (Fla. 1974), 289 So. 2d 719; *In re Minnis* (1972), 7 Cal. 3d 639, 102 Cal. Rptr. 749, 498 Pac. 2d 997; *King v. United States* (7th Cir. 1974), 492 Fed. 2d 1337; *Childs v. United States Board of Parole* (D. C. Dist. of Col. 1973), 371 Fed. Supp. 1246; *Candarini v. Attorney General of the United States* (D. C. E. D. New York 1974), 369 Fed. Supp. 1132.

*Meggett v. O'Neill* (1889), 104 Wis. 227, 80 N. W. 447. We are of the opinion that the refusal of the Parole Board to grant parole offers an appropriate opportunity for the issuance of the writ, subject as always to the discretion of the court. *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. 2d 31, 109 N. W. 2d 486; *State ex rel. Goldsmith Bldg. Co. v. Bolan* (1951), 259 Wis. 460, 49 N. W. 2d 409.

In *State ex rel. Johnson v. Cady, supra,* the court ruled that review of the parole revocation hearing was by certiorari directed to the court of conviction. Sec. 253.11 (1), Stats., as amended by ch. 217, Laws of 1973 (1973 Assembly Bill 1076), also provides that review of revocation hearings on certiorari should be by the committing court, whether circuit or county. We believe that this procedure should be adopted for parole refusals as well.

The well-settled rule in Wisconsin is that on review by certiorari the reviewing court is limited to determining: (1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *State ex rel. Ball v. McPhee* (1959), 6 Wis. 2d 190, 94 N. W. 2d 711; *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. 2d 243, 111 N. W. 2d 198; *State ex rel. Kaczkowski v. Fire & Police Comm.* (1967), 33 Wis. 2d 488, 148 N. W. 2d 44, 149 N. W. 2d 547; *State ex rel. Hippler v. Baraboo* (1970), 47 Wis. 2d 603, 178 N. W. 2d 1. As stated in *State ex rel. Ball v. McPhee, supra,* at page 199:

"Construing the phrase 'acted according to law,' we deem the word 'law' means not only applicable statutes but also the common-law concepts of due process and fair play . . . ."

Because the appeal from the judgment of the trial court remanding the record to the Parole Board and di-

recting procedures and standards is moot, we will not review nor discuss the specifics of the trial court judgment—except to note that a hearing with minimal due process or fair play standards should be provided at a parole hearing and that some form of comprehensible and adequate record should be kept and provided for purposes of review.

We do not deem it advisable for further comment upon the manner of conducting the hearing nor the adequacy of the standards which apply because we are informed that the department is now in the process of formulating, in written form, the procedures and standards to be used by the Parole Board in parole hearings. Our review of the necessary procedures and standards should await the department's determination of these questions, provided, of course that they are forthcoming and effective within a reasonably short period of time.

*By the Court.*—Appeal dismissed.

ROBERT W. HANSEN, J. *(dissenting)*. The writer would here reverse the trial court, dismiss the writ of certiorari and affirm the decision of the state parole board denying the privilege of parole to the respondent. The writer sees a parole as a privilege granted, within the discretion of the paroling authority.[1] The applicable statute provides only that the department "may parole an inmate of the Wisconsin state prisons."[2] It contains no provisions for

---

[1] *See:* 67 C. J. S., *Pardons,* pp. 604–606, sec. 20, stating: "A parole is a mere matter of grace, favor, or privilege, and a prisoner is not entitled thereto as a matter of right. Subject to the limitations imposed by statute, the question whether a prisoner shall be paroled is a matter for the discretion of the paroling authority, whether it be a court or an officer, board or commission. . . ." Quoted with approval in *Tyler v. State Department of Public Welfare* (1963), 19 Wis. 2d 166, 173, 119 N. W. 2d 460.

[2] Sec. 57.06 (1) (a), Stats., as amended by sec. 300, ch. 90, Laws of 1973, providing in part: "The department may parole an inmate of the Wisconsin state prisons . . . at any time if there

standards, the fulfillment of which entitle an inmate to parole. The writer would grant judicial review by certiorari of denials of parole but with such review limited to a consideration of whether the board acted discriminatorily, or illegally.[3] A broader base of judicial review is available where one, once granted the conditional liberty of parole, is to be returned to the penal institution from which he was paroled.[4] But there are significant differences in the two situations.[5] Parole revocation rests

is no minimum prescribed for the offense, or when he has served the minimum term prescribed by statute for the offense, or when he has served 20 years of a life term, less the deduction earned for good conduct . . . ." Minimum term for eligibility to parole held to be one year in *Edelman v. State* (1974), 62 Wis. 2d 613, 215 N. W. 2d 386.

[3] *See: Farries v. United States Board of Parole* (7th Cir. 1973), 484 Fed. 2d 948, 949, where the petitioner alleged that he was denied parole based upon religious discrimination, with the court reversing and remanding for evidentiary hearing, but holding: "Parole Boards, of course, enjoy a broad range of discretion in determining whether to grant or deny an application for parole, and it has therefore been held that a prisoner need not be accorded a hearing on his application or provided with a statement of reasons for the Board's actions. . . . It seems equally true, however, that a prisoner may not discriminatorily be denied parole on account of religious prejudice. . . ."

[4] *See: State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 548, 185 N. W. 2d 306, this court stating: ". . . Nevertheless, it cannot be denied that there is a significant distinction between the status and freedom enjoyed by one on probation or parole and one confined in a penal institution. After one has gained the conditional freedom of a probationer or parolee, whether by action of court, parole board, or statute, the state cannot summarily revoke such status without giving petitioner a reasonable opportunity to explain away the accusation that he had violated the conditions of his probation or parole. . . ."

[5] *United States ex rel. Bey v. Connecticut State Board of Parole* (2d Cir. 1971), 443 Fed. 2d 1079, 1086, the court stating: ". . . It is not sophistic to attach greater importance to a person's justifiable reliance in maintaining his conditional freedom so long as he abides by the conditions of his release, than to his mere anticipation or hope of freedom. . . ." Quoted in *Morrissey*

upon a determination that conditions of parole were violated.[6] Whether an inmate is to be released on parole involves the consideration of many factors, not limited to the conduct of the inmate while confined.[7] The protection of the public, as well as anticipations of the prisoner, is involved, with matters such as the nature and gravity of the offense clearly material. The writer sees no entitlement to parole, nor right to judicial review, except where the claim is that the paroling authority acted discriminatorily or illegally. With the number of serious crimes being committed by prisoners released on parole, the writer sees every reason for continuing to hold that a prison inmate should be required to convince the parole board that his conditional release would be in the public interest, as well as in his interest. The paroling authority ought not have to convince a judge that it was entitled not to grant parole in a particular case. If parole authorities are to be required to state their reasons for denial, and have the adequacy of their reasons for denial judicially reviewed, we find no basis for overturning the parole board's denial of parole in the case before us. Those reasons were clearly stated, and included the facts that: (1) Respondent had been consistently involved in criminal activity for thirty years;

*v. Brewer* (1972), 408 U. S. 471, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484.

[6] *Morrissey v. Brewer, supra,* footnote 5, at pages 483, 484, the high court stating: "This discretionary aspect of the revocation decision need not be reached unless there is first an appropriate determination that the individual has in fact breached the conditions of parole. . . ."

[7] *Tyler v. State Department of Public Welfare, supra,* footnote 1, at page 175, this court stating: ". . . In view of the nature of the matter it would probably be impossible for a court to declare that the refusal to parole was either 'unsupported by substantial evidence in view of the entire record as submitted; or . . . arbitrary and capricious' while at the same time giving due weight to 'the experience, technical competence, and specialized knowledge of the agency involved, as well as discretionary authority conferred upon it.' "

(2) he broke the terms of his last parole; (3) his parole plan for work and residence in Minnesota was not acceptable to the Minnesota authorities; and (4) by his own admission, he had not made an effort to develop new attitudes which would support him on his release. Even if the reasons for denial of parole were not this clearly stated and overwhelmingly adequate, since there is here neither allegation nor proof that the parole board acted illegally or discriminatorily, the writer would reverse the decision of the lower court and reinstate the denial of parole to this respondent by the state parole board.

