STATE of Wisconsin EX REL. Adrian LOMAX, Petitioner-Appellant,

v.

Russel LEIK, Respondent.

Court of Appeals

*No. 89-0634. Submitted on briefs October 12, 1989.—Decided February 8, 1990.*

(Also reported in 454 N.W.2d 18.)

For the petitioner-appellant the cause was submitted on the briefs of *Adrian Lomax,* of Oshkosh.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, with *George B. Schwahn,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.   Adrian Lomax is an inmate confined at Oshkosh Correctional Institution. He appeals from an order dismissing his certiorari action against Russel Leik, the classification chief for the Bureau of Adult Institutions, Division of Corrections, Department of Health and Social Services. Lomax brought certiorari to challenge his March 11, 1988 transfer from the Kettle Moraine Correctional Institution to the Oshkosh Correctional Institution.

The record returned to us on certiorari fails to disclose that the prison authorities complied with the pertinent procedural regulations. We therefore reverse the order dismissing this action. We direct the trial court to remand the matter to the Kettle Moraine Program Review Committee with directions.

The record is sparse. It shows that on March 11, 1988, Lomax's social worker told him he was being "PRC'd" out of Kettle Moraine for his own safety. Lomax appeared before the institution's Program Review Committee (PRC) which issued the following decision:

> Mr. Lomax was referred to PRC by the security director. His memo accompanies this report. Mr. Lomax requested to stay at KMCI [Kettle Moraine], however, the Committee feels that based on concern for his physical safety and security, that he be transferred to another medium security facility. In view of the Committee's recommendation, Mr. Lomax requested a transfer to OSCI [Oshkosh]. It was explained that should Central Office agree to the

transfer they would determine [the] specific institution based on bed needs.

The central office approved the transfer the same day. Lomax was immediately transferred to Oshkosh.

The safety concern arose from Lomax's having filed a complaint against another inmate. That inmate had engaged in a hobby activity, "glass painting," which produced noxious fumes in the cell next to Lomax's. After his complaint, Kettle Moraine prohibited all glass painting activities. Some angered inmates made statements perceived as threats against Lomax.

On March 29, 1988, Lomax wrote to the administrator of the division of corrections, objecting to the transfer. Lomax said he had been a model prisoner. He claimed that the transfer prevented him from continuing his pursuit of a college degree under the Postsecondary Re-entry Education Program. He had a 3.9 grade-point average in that program but because of his transfer he suffered incompletes in the courses in which he was enrolled. His tuition is paid by grants and it is difficult to obtain additional grants after failing to complete a school semester. On March 27, 1988, Lomax appealed the PRC decision to respondent, whose reply, if any, is not of record.

Lomax correctly points out that the record fails to show that the division of corrections followed the procedural rules mandated by the department. Specifically, the record fails to show that: (1) the social worker informed Lomax of the date of the intended program review or the criteria and facts to be considered there, as required by Wis. Adm. Code, sec. HSS 302.19(1);[1] (2) the

---

[1]Wisconsin Adm. Code, sec. HSS 302.19(1) provides:

Before an inmate's security classification, assignment to an institution or program assignment is reviewed by the PRC, a staff

social worker made written recommendations to the PRC, as required by Wis. Adm. Code, sec. HSS 302.19(2)(b);[2] and (3) the PRC coordinator informed Lomax before the PRC hearing of the facts being considered, the criteria for the decision, and the recommendation of the social worker, as required by Wis. Adm. Code, sec. HSS 302.19(3).[3]

Review of administrative decisions of the kind before us is by certiorari since no statutory provision is made for their judicial review. *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549–50, 185 N.W.2d 306, 311 (1971). On review by certiorari, a court is limited to determining whether the agency kept within its jurisdiction, whether it "acted according to law," whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment, and whether

member shall interview the inmate and inform the inmate orally of the approximate date of the review, the criteria for the review, the facts to be considered at the review and the fact that the inmate has the option to appear before the PRC. The inmate shall also be informed that if he or she refuses to attend the review or disrupts the review, the review may be conducted without the inmate being present.

[2]Wisconsin Adm. Code, sec. 302.19(2) provides: "Before the scheduled PRC review, the staff member who contacted the inmate under sub. (1) shall: . . . (b) Make a written recommendation to the PRC as to the appropriate security classification, program assignment or assignment to an institution."

[3]Wisconsin Adm. Code, sec. 302.19(3) provides:

If the inmate appears, the coordinator shall inform the inmate of the facts being considered, the criteria for the decision and the recommendation of the staff member under sub. (2). The inmate shall be afforded the opportunity to present additional facts, dispute facts being considered and state an opinion about the appropriate security classification or program assignment.

the evidence was such that it might reasonably make the order or determination in question. *State v. Goulette,* 65 Wis. 2d 207, 215, 222 N.W.2d 622, 626 (1974).

When used in conjunction with certiorari review, the phrase "acted according to law" includes the common-law concepts of due process and fair play. *Goulette* at 215, 222 N.W.2d at 626–27. This means not only that a hearing applying minimal due process or fair play standards must be provided but also "that some form of comprehensible and adequate record should be kept and provided for purposes of review." *Id.* at 216, 222 N.W.2d at 627.

For that reason, if an agency on certiorari fails to return a record sufficient to demonstrate that the proceedings before it were procedurally proper, we may vacate the agency's decision. We would otherwise invite an agency subject to certiorari review to evade judicial review of their procedural violations. Evasion would be simple. The agency could hide its procedural violations by failing to develop the record regarding them.

Here the inmate challenges the program review committee's failure to comply with the agency's own procedural rules. Those rules have the force and effect of law. *State ex rel. Staples v. DHSS,* 115 Wis. 2d 363, 367, 340 N.W.2d 194, 196 (1983). The agency must follow them. However, we cannot determine from this record whether the agency did or did not follow its own rules, and no argument is made that a violation would have been harmless error.

While we therefore conclude that this action should not have been dismissed, we need not direct that the

committee's decision be unconditionally vacated. If the committee in fact complied with the applicable rules, no harm occurred.

We direct the trial court to vacate the decision of the Kettle Moraine Program Review Committee and remand the matter to the committee. On remand the committee shall either supplement the record with a showing of compliance with the applicable rules, if that occurred, and then reinstate its decision or else return Lomax to Kettle Moraine, if that is still his wish. *Cf. State ex rel. Paulson v. Town Board,* 230 Wis. 76, 80, 283 N.W. 360, 362 (1939) (certiorari return may be amended if it fails to state entire record).

The committee may take additional evidence on whether the department's rules were complied with. A court sitting in certiorari was once bound to either affirm or reverse on review, *State ex rel. Gibson v. H&SS Department,* 86 Wis. 2d 345, 352, 272 N.W.2d 395, 399 (Ct. App. 1978), but certiorari review now permits a remand for limited purposes, *Snajder v. State,* 74 Wis. 2d 303, 246 N.W.2d 665 (1976); *State ex rel. Momon v. Milwaukee County Civil Service Comm.,* 61 Wis. 2d 313, 212 N.W.2d 158 (1973). The remand order may not, however, direct the taking of additional evidence if that offends considerations of due process and fair play. *Gibson,* 86 Wis. 2d at 353, 272 N.W.2d at 400. A remand to permit taking additional evidence regarding compliance with procedural rules does not offend those considerations.

*By the Court.*—Order reversed and cause remanded with directions.