256 Wis.2d 1008 (2002)
2002 WI App 228
652 N.W.2d 118
STATE of Wisconsin EX REL. Patrick HEIL, Plaintiff-Respondent,
v.
GREEN BAY POLICE AND FIRE COMMISSION, Defendant-Appellant.[]
IN the MATTER OF CHARGES FILED AGAINST Patrick HEIL by Police Chief James Lewis:
Patrick HEIL, Petitioner-Respondent,
v.
GREEN BAY POLICE AND FIRE COMMISSION, Respondent-Appellant.[]
Nos. 01-1781, 01-3002.
Court of Appeals of Wisconsin.
Submitted on briefs May 13, 2002.
Decided July 2, 2002.
*1010 On behalf of the defendant-appellant, the cause was submitted on the briefs of Scott Herrick and Herrick, Kasdorf, Dymzarov & Twietmeyer of Green Bay.
On behalf of the plaintiff-respondent, the cause was submitted on the brief of Thomas J. Parins and Parins Law Firm, S.C. of Green Bay.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1. HOOVER, P.J.
The Green Bay Police and Fire Commission (PFC) appeals trial court orders remanding its decision terminating Green Bay Police Department officer Patrick Heil. The PFC argues: (1) the trial court was required to determine whether there was just cause under Wis. STAT. § 62.13(5)(i)[1] before considering legal arguments raised in a writ of certiorari; *1011 (2) its practice of allowing the non-voting presence of a common council representative is proper; (3) any error caused by the representative's presence did not invalidate the proceedings; and (4) on certiorari review, the trial court improperly supplemented the record of the PFC's decision by allowing the representative's deposition and adding it to the record. We conclude that statutory and certiorari reviews are discrete procedures and one need not be decided before the other. In addition, we determined that the representative's presence tainted the PFC's decision and the decision is therefore void. Accordingly, we affirm the orders.

BACKGROUND
¶ 2. Police chief James Lewis brought numerous charges against Heil before the PFC, which conducted hearings on the charges. The City of Green Bay follows the practice of maintaining a liaison position between the PFC and the common council. Anthony Theisen was the mayor-appointed liaison at the time the PFC heard and decided the charges against Heil. He was present throughout most of the hearings and sat in on the PFC's deliberations. Theisen participated fully except that he did not vote or sign the decision. The PFC described Theisen as a "non-voting observer and resource" who "participated in the deliberative process."
¶ 3. After hearings and deliberations, the PFC discharged Heil. Heil pursued a statutory appeal of the *1012 PFC decision, pursuant to Wis. STAT. § 62.13(5)(i), and a common-law certiorari review of legal issues relating to the PFC's actions.
¶ 4. The trial court had both matters before it. It decided that Theisen sitting with the PFC at the hearing and deliberation sessions, even as a non-voting observer, tainted the proceedings and the commission's decision. The court held:
It is of no consequence whether or not Anthony R. Theisen was influential in, or had any effect upon the voting members' ultimate determinations. It is sufficient to contaminate the conclusions of the commission by the mere participation of Anthony R. Theisen in the deliberative process. Participation, in this sense, need not mean taking an active role in the discussion, but simply being present during the executive decision making sessions.
The court decided that Heil "had a fundamental due process right to have his case deliberated and decided upon without the involvement of an outsider...." It found that Theisen's involvement constitutionally tainted and contaminated the PFC's decision. The court remanded the record to the PFC for proceedings consistent with its decision. After hearing argument over what the court's decision required, the court issued a judgment that "vacated and set aside" the PFC decision and remanded both appeals to the PFC for further proceedings consistent with its decision.
¶ 5. The PFC concluded that the court was concerned primarily with Theisen's presence and deliberated again without him, affirming its earlier decision. The court conducted a hearing on June 22, 2001, and clarified what it intended when it vacated the PFC's order. The court reiterated that the process with Theisen in attendance was flawed and that it had *1013 vacated the entire process as a result. It said, "And if there is to be discipline imposed, it has to be on the basis of a fresh hearing and deliberation based on those facts rather than something that happened before." This order was later reduced to writing.[2]

STANDARD OF REVIEW
¶ 6. All issues presented raise questions of law that we review de novo without deference to the trial court. See State ex rel. Reedy v. Law Enforce. Discip. Comm., 156 Wis. 2d 600, 606, 457 N.W.2d 505 (Ct. App. 1990).

DISCUSSION
I. STATUTORY APPEAL AND CERTIORARI REVIEW
¶ 7. There are two avenues available to appeal PFC decisions, statutory review pursuant to WIS. STAT. § 62.13(5)(i) and review by writ of certiorari. Under § 62.13(5)(i), any person subject to a PFC decision may appeal to the trial court within ten days. The court then determines, upon the evidence in the administrative record, whether there is just cause to sustain the charges against the accused. Id.
[1, 2]
¶ 8. An accused may also file a writ of certiorari to review legal defects in the administrative record for which there is no statutory judicial review. State v. Goulette, 65 Wis. 2d 207, 214, 222 N.W.2d 622 (1974). On certiorari review, the court

*1014 is limited to determining: (1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.
Id. at 215. Here, Heil properly filed both. See State ex rel. Enk v. Mentkowski, 76 Wis. 2d 565, 571, 252 N.W.2d 28 (1977).
¶ 9. The PFC argues that under Wis. STAT. § 62.13(5)(i), the scope of the appeal process is considerably broader than under the previous statute.[3] It contends that § 62.13(5)(i) does not allow the trial court to give precedence to the certiorari review and decide certiorari legal issues before determining just cause. The PFC contends that most of the issues formerly under certiorari review are now reviewable as part of the statutory appeal.
[3]
¶ 10. Even if it is true that the appeal process covers a broader range of issues, it does not necessarily, nor even logically, follow that the statutory appeal takes "precedence" over certiorari review, as the PFC contends. Nor is there any language in WIS. STAT. § 62.13(5)(i) suggesting appeal priority. For example, § 62.13(5)(i) does not say that the trial court must address "just cause" before undertaking a certiorari review. The amendments to the statutory procedure notwithstanding, statutory appeal and certiorari review are discrete procedures for *1015 obtaining judicial review of the PFC's decision. The trial court may address them in whatever order it deems prudent.
[4]
¶ 11. We also conclude that the trial court should not be confined to determine just cause on a tainted proceeding. Here, the court considered legal issues raised by Heil's writ of certiorari before it determined just cause under the statutory appeal. The court found error, Theisen's presence tainting the proceedings, as part of the certiorari review. It declined to conduct the "just cause" analysis mandated under statutory review until the defect in process had been remedied, and remanded to the PFC.
¶ 12. The PFC obliquely concedes that the trial court should not have to determine just cause on a tainted proceeding when it argues that, in its view, under the new appeal process, the trial court has the last word on just cause: "No inadequacy of a PFC decision is legally relevant which does not obstruct that last word of the Circuit Court." (Emphasis added). However, a defect in process depriving Heil of adjudication by an independent body does obstruct the last word by the trial court. Heil is entitled to an untainted process before the court determines whether just cause supports the charges against him.
II. PFC LIAISON
[5]
¶ 13. The PFC argues that Theisen's mere presence was a formal error, and that the trial court did not find actual prejudice, influence or impropriety. We conclude, however, that Theisen's mere presence was enough to taint the entire proceedings, including the *1016 record and decision. We perceive that the practice of having a common council liaison to the PFC is not a reasonable local adaptation of the statute, as the PFC argues. While Theisen's presence may not infringe on the statutory authority of the five PFC members, it does infringe on Heil's right to due process, his right to be judged by an impartial board.
¶ 14. The PFC is composed of an impartial body that operates independently of the city itself. Eau Claire County v. General Teamsters Union Local No. 662, 228 Wis. 2d 640, 650, 599 N.W.2d 423 (Ct. App. 1999). By statute, the PFC is to be comprised of five, not six, citizen members who have no direct interest in the outcome of the case, as would a party to the dispute. WIS. STAT. § 62.13(1); General Teamsters, 228 Wis. 2d at 650. Member appointment is designed to prevent the board from operating as an agent of a city official or police or fire chief. General Teamsters, 228 Wis. 2d at 650.
¶ 15. In Cramer v. Stone, 38 Wis. 259 (1875), the Wisconsin Supreme Court discussed the ramifications of the presence of an extra person in deliberations. "Where a particular power or duty is delegated to a select body, that body must perform the duty or exercise the power, and if others, who have no right to act, join in its performance, the act will be void." Id.
¶ 16. The PFC has been granted the power to decide charges brought against police officers. The statutes also mandate an independent board. General Teamsters, 228 Wis. 2d at 650. Theisen was the mayor's representative, and the police chief, another subordinate of the mayor, brought the charges against Heil. Theisen thus effectively was a representative of one of the parties. Yet, he sat with the PFC at the hearings and in the deliberations. This tainted the appearance of the *1017 PFC's independence. Moreover, although Theisen did not vote, he participated as a "resource" in deliberations. We conclude that these circumstances render the PFC's decision void. See id.
¶ 17. Theisen sitting with the panel, however, unquestionably and materially diminishes the appearance of the board's independence. Here, Theisen, the council member and panel "resource," was the mayor's representative on the panel. The mayor also supervises the police chief, who brought the proceedings against Heil.[4] Thus, we have the prosecuting official's superior appointing his own representative to the panel, contrary to the statutory mandate for the composition of the panel. We agree with the trial court that under these circumstances, Theisen's mere presence, sitting as a non-voting panel member, gave a sufficient appearance of impropriety to taint the entire proceedings.[5]
¶ 18. The PFC also argues that even if it erred by having Theisen at the hearings and in deliberations, that error did not invalidate the entire proceedings and record. However, as noted, Theisen's mere presence sufficiently tainted the proceedings to void their result.
III. OTHER ARGUMENTS
¶ 19. We need not address the PFC's argument regarding the trial court's discovery order because the court was concerned with the appearance of impropriety in the proceedings, not with what Theisen actually *1018 did. Therefore, Theisen's deposition is not necessary to determine that the PFC's process was tainted.
¶ 20. We also do not address the PFC's argument that we should determine whether it had just cause to support its decision. Because the trial court is not required to make a just cause determination based on the record of a tainted proceeding, a full rehearing is appropriate.
By the Court.Orders affirmed.
NOTES
[] Petition to review granted 10-1-02.
[1] WISCONSIN STAT. § 62.13(5)(i) provides, in relevant part:

Any person suspended, reduced, suspended and reduced, or removed by the board may appeal from the order of the board to the circuit court by serving written notice of the appeal on the secretary of the board within 10 days after the order is filed.... The question to be determined by the court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused?
All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted.
[2] While there are two orders vacating the two PFC decisions and remanding to the PFC, the effect of the second order is to clarify the first order. The notice of appeal filed after the first order effectively places both orders before this court. Wis. STAT. § 808.04(8).
[3] The statute providing for appeal from PFC decisions was amended in 1993. This decision interprets the newer version of Wis. STAT. § 62.13(5)(i).
[4] Heil asserts this relationship and the PFC does not dispute it.
[5] The PFC focuses on what it claims was the trial court's perception of the inadequacy of the PFC's decision. However, the court was concerned with the "inadequacy" of the process before the PFC, not the decision itself.