Memorandum.
Since the respondent Police Commissioner did not appeal, as he might have done, from the determination of the Appellate Division dismissing one of the two specifications in the charges against petitioner, the specification that was dismissed must now be deemed concluded as a matter of law. This specification of the charge, willfully shooting and fatally injuring another person, was more serious than the one sustained, carelessness in handling a police service revolver, resulting in the accidental shooting of the other person.
The Commissioner’s determination to dismiss petitioner was based on his finding both specifications sustained. Either specification, if found sustained by the Commissioner, would itself be a sufficient ground to dismiss petitioner. This was the basis on which the Appellate Division sustained the result. But where one specification is on its face more serious than the other, and the Commissioner has rested his disciplinary judgment on both, the charge should be remitted to him to decide, within the frame of his authority, whether he would impose the same discipline on the remaining charge. The Commissioner has not exercised judgment on the record in its present posture.
The order should be modified, without costs, by remitting the proceeding to the court at Special Term to return the charge to the Commissioner to determine whether on the record based on the second specification he would impose the same or different punishment.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Ordered accordingly.