STATE EX REL. MOMON, Respondent, v. MILWAUKEE
COUNTY CIVIL SERVICE COMMISSION, Appellant.

*No. 136. Argued October 29, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 158.)

For the appellant there was a brief by *Robert P. Russell*, corporation counsel, and *Robert G. Polasek*, assistant corporation counsel, and oral argument by *Robert G. Polasek*.

For the respondent there was a brief by *Goldberg, Previant & Uelmen*, attorneys, and *John S. Williamson, Jr.*, of counsel, all of Milwaukee, and oral argument by *Mr. Williamson*.

ROBERT W. HANSEN, J. The county civil service commission and the circuit judge agree that competent evidence supported the charge brought against respondent employee that:

"On or about the 11th day of October, A. D. 1969, at 3:30 p. m. he reported late for duty. After noting his duty assignment to Ward South 4, he advised his supervisor, Mrs. Pearl MacArthur, supervisor of the p. m. shift, that he would not work with the other employees assigned to that ward. He repeated his refusal to Miss Aura Pugh, R. N., stating finally, 'I am going home.'

He then left the premises. He has failed to heed repeated warnings regarding excessive absenteeism."

The civil service commission held that respondent's conduct constituted a violation of three commission rules: (u) relating to absence from duty without leave; (f) relating to insubordination; and (k) relating to acts or omissions unbecoming an incumbent of the position held.

In reviewing these three commission findings of specific rules violated, the circuit court stated that the rule upon review was that findings of the commission as to facts or conclusions of law was that they are to be sustained if, in any reasonable view, the evidence sustains them.[1] We agree that such is the rule for court review of commission findings. Applying this test, the trial court upheld two findings as to rules violated, setting aside the third.

*As to rule (u),* relating to absences from duty, the circuit court upheld the commission holding that the rule had been violated by respondent.[2] We agree that clearly it was.

*As to rule (f),* relating to insubordination, the circuit court held that the commission could reasonably make a

[1] Citing *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 291 N. W. 745. Review by certiorari is limited to the following questions: " '(1) Whether the board kept within its jurisdiction, (2) whether it acted according to law, (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment, and (4) whether the evidence was such that it might reasonably make the order or determination in question.' " *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. 2d 77, 82, 133 N. W. 2d 799, quoting *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. 2d 243, 111 N. W. 2d 198.

[2] Circuit judge stated: "An examination of the record clearly supports a finding that though he was given prior warnings he was guilty of excessive absenteeism without leave and of tardiness and he thus violated paragraph (u)."

finding that the rule was violated.[3] We agree. Particularly in a hospital or health center, the refusal to report for work in a particular ward or with certain fellow employees involves the life and well-being of hospital patients. It was, under the facts and circumstances here, an act of insubordination.

*As to rule (k),* relating to conduct unbecoming an incumbent of a position, the circuit court found "no evidence whatsoever" to support the commission finding of the rule being violated,[4] and set aside the commission's holding that it was. We agree. The charge and the evidence related solely to absence from duty and refusal to work on a particular shift. They related solely to absenteeism (plus tardiness) and to insubordination. As the trial court held, "unless the scope of such paragraph [(k)] is tortured beyond its plain meaning," violation of rule (k) was neither reached nor established.

Upholding the commission finding of rules (u) and (f) being violated, and setting aside the finding that rule (k) had been violated, the trial court felt itself obliged to "either reject the decision of the commission in toto or accept it as is."[5] Seeing the situation as such either-or

---

[3] Circuit judge stated: "The substantiation of the charge of insubordination is not as clear; however it is this court's conclusion that the commission could reasonably make a finding of insubordination."

[4] Circuit judge stated: ". . . the court . . . also determines that there was no evidence whatsoever, let alone reasonably could conclude, that the petitioner violated paragraph (k) unless the scope of such paragraph is tortured beyond its plain meaning."

[5] The circuit judge stated: "Because the commission determined the petitioner violated all three paragraphs of the rule the court must assume it measured the degree of punishment to some extent because of a violation of paragraph (k). It is now impossible for this court to say how much the penalty was attributed to the commission's belief that the petitioner had violated paragraph (k) and how much was attributed to violations of paragraphs (f) and (u). Because of the nature of the proceeding which brings this

proposition, the trial court set aside the suspension imposed, thus vacating the entire commission ruling. Accepting or rejecting in toto did not exhaust the alternatives available to the circuit court. In what has come to be known as the *Meehan* doctrine, a federal court of appeals, where it had voided one of three charged violations by a government employee, directed a remand to the federal civil service commission for reconsideration of the penalty to be imposed.[6] This *Meehan* approach of remand for reconsideration of penalty has been fol-

matter before the court, the court must either reject the decision of the commission in toto or accept it as is. The court cannot do the latter because to do so would be to permit the commission to exceed its jurisdiction by imposing a penalty in part upon the petitioner for violating a rule which has not been substantiated by any evidence whatsoever.

"Therefore the court will sign an order reversing, vacating and setting aside the action of the commission."

[6] *Meehan v. Macy* (D. C. Cir. 1968), 392 Fed. 2d 822, 839, the court stating: "The second and third of the three charges cannot support the discharge. It does not inexorably follow that the discharge itself was contrary to law. However, it is unclear whether the three charges were deemed by the agency and the Civil Service Commission to constitute separate or cumulative grounds for discharge. We cannot treat the errors as harmless since we don't know that a finding on Charge 1 alone would have resulted in a discharge—especially in light of the spectrum of punishments the agency could have imposed for conduct which, as already indicated, is not altogether void of Constitutional protection. The cause is remanded to the District Court for the framing of an order retaining jurisdiction pending further consideration by the Canal Zone Government and the Civil Service Commission."

On rehearing, the scope of the remand was enlarged to include reconsideration of the validity of the charged violation, the court stating:

". . . [I]f Charge 1, so reconsidered, is still found to be validly charged and proved, the penalty assessed is to be reconsidered in view of Charges 2 and 3 being dismissed." *Meehan v. Macy* (D. C. Cir. 1969), 425 Fed. 2d 472, 473.

lowed in federal [7] and state courts [8] as did this court in a situation where the failure to provide a hearing at all was involved.[9] We do not deal with a criminal conviction based upon two acts, both proscribed in a single statute.[10] Here the commission found a violation of three separate and distinct rules. With one holding, (k), to be set aside; two, (u) and (f), stand. It is for the commission to determine if the same or different penalty is appropriate where the violation of two rules, not three, has been established and upheld on court review. This cause is remanded to the circuit court for remand to the civil service commission for reconsideration of the penalty to be imposed.

Both appellant and respondent would have this court deal with an additional issue. While holding that rule (k) had not here been violated, the circuit court added the observation that ". . . If paragraph (k) as applied to the facts of this case has a meaning contended for the commission, . . ." rule (k) would become so vague as to violate the constitutional assurance of due process.

[7] *Iannarelli v. Morton* (E. D. Pa. 1971), 327 Fed. Supp. 873, 889; *Slowick v. Hampton* (D. C. Cir. 1972), 470 Fed. 2d 467, 469. *See also: Siang Ken Wang v. Immigration and Naturalization Service* (9th Cir. 1969), 413 Fed. 2d 286, 287. *But see: Grimm v. Brown* (9th Cir. 1971), 449 Fed. 2d 654.

[8] *Baumgartner v. Leary* (1971), 29 N. Y. 2d 873, 278 N. E. 2d 345, 328 N. Y. Supp. 2d 176; *Glover v .Murphy* (1973), 41 App. Div. 2d 915, 343 N. Y. Supp. 2d 746; *Torres v. Andrews* (1969), 33 App. Div. 2d 696, 306 N. Y. Supp. 2d 189.

[9] *State ex rel. Irany v. Milwaukee County Civil Service Comm.* (1962), 18 Wis. 2d 132, 136, 118 N. W. 2d 137, holding, ". . . The circuit court should enter an order which directs the commission to hold a hearing or, upon its failure to do so, to set aside the suspension." *See also: State ex rel. Heffernan v. Board of Fire & Police Commissioners* (1945), 247 Wis. 77, 18 N. W. 2d 461.

[10] *See: Street v. New York* (1969), 394 U. S. 576, 89 Sup. Ct. 1354, 22 L. Ed. 2d 572, holding that a criminal conviction based upon a statute proscribing two acts, where the defendant was accused of committing both acts, must be set aside where one of the proscribed acts is constitutionally protected.

The temptation is strong to follow the circuit court reach-out to discuss the matter of vagueness as to the "conduct unbecoming an . . ." type of proscription. Traditionally, courts have "often upheld discharges for conduct described by similar phrases: 'Unbecoming conduct,' 'conduct prejudicial to good order,' and for 'conduct unbecoming an officer,' or 'employee,' or 'gentleman.' " [11] In a recent case involving the charge of "conduct unbecoming a police officer," both majority and minority dealt with specificity of charge in terms of the employee's preparing a defense, rather than knowing earlier what conduct was being proscribed.[12] However, the United States Supreme Court has said that a municipal ordinance must be drafted so that a reasonable person may know in advance what is prohibited, so that he may act accordingly.[13] Extending this requirement to dis-

[11] *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. 2d 77, 86, 133 N. W. 2d 799.

[12] *State ex rel. Richey v. Neenah Police & Fire Comm.* (1970), 48 Wis. 2d 575, 582, 180 N. W. 2d 743, where police officer was charged with conduct unbecoming a police officer, the majority stated: ". . . It is true that the details of the conduct are not set forth. However, it has often been stated that charges in such proceedings need not be technically drawn nor meet the requirements of a criminal indictment. And this court has held that 'conduct unbecoming an officer' is not too vague to define a cause for discharge.

"In any event, no objection was made at the time of the hearing . . . ." Dissenting opinion, by Mr. Justice HEFFERNAN, stated (p. 587) : "While it may be conceded that a policeman may be discharged for 'conduct unbecoming an officer,' a charge of such conduct must be supported by specifications sufficient to give notice of the nature of the conduct charged." *See also: Giaccio v. Pennsylvania* (1966), 382 U. S. 399, 404, 86 Sup. Ct. 518, 15 L. Ed. 2d 447, holding, ". . . It would be difficult if not impossible for a person *to prepare a defense* against such general abstract charges as 'misconduct' or 'reprehensible conduct.' . . ." (Emphasis supplied.)

[13] *Grayned v. City of Rockford* (1972), 408 U. S. 104, 108, 92 Sup. Ct. 2294, 33 L. Ed. 2d 222, the court stating: ". . . Vague

charge or disciplinary proceedings, some courts have held that disciplinary rules and regulations, providing penalties for violation, must "provide meaningful guidance concerning the required mode of conduct." [14] Whether one standard is to apply to policemen, servicemen, attorneys and, as here, hospital attendants, is not yet clear. Recently it was held that a rule proscribing "conduct unbecoming a member of the bar" was not unconstitutionally vague in a lawyer disbarment case. [15] Almost as recently, it has been held that the phrases "conduct of a nature to bring discredit upon the armed forces" [16] and "conduct unbecoming an officer and a gentleman" [17] are unconstitutionally vague. The United States Supreme Court has agreed to review both cases. [18] Hopefully, the high court ruling will indicate the degree of specificity to which policemen, servicemen, attorneys and hospital attendants are constitutionally entitled in order to prepare a defense and to know in advance what conduct is proscribed.

laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. . . ."

[14] *Hamtramck CSC v. Pitlock* (1973), 44 Mich. App. 410, 205 N. W. 2d 293, 294, 295; *Zekas v. Baldwin* (E. D. Wis. 1971), 334 Fed. Supp. 1158; *Soglin v. Kauffman* (7th Cir. 1969), 418 Fed. 2d 163.

[15] *In re Bithoney* (1st Cir 1973), 486 Fed. 2d 319.

[16] *Avrech v. Secretary of Navy* (D. C. Cir. 1973), 477 Fed. 2d 1237.

[17] *Levy v. Parker* (3d Cir. 1973), 478 Fed. 2d 772.

[18] *Avrech v. Secretary of Navy, supra,* footnote 16, appeal granted (October 9, 1973), 414 U. S. 816, 94 Sup. Ct. 64, 38 L. Ed. 2d 48; *Levy v. Parker, supra,* footnote 17, appeal granted (October 23, 1973), 94 Sup. Ct. 286, 38 L. Ed. 2d 216.

However, in the case before us, both temptation and invitation to add our sixpence to the discussion are to be rejected. The road ends with the circuit court holding, affirmed on this appeal, that there was "no evidence whatsoever" that respondent violated rule (k). As applied to this respondent, as the circuit court stated, violation of rule (k) could not be reached "unless the scope of such paragraph is tortured beyond plain meaning." The circuit court refused to do such torturing, and properly so. With rule (k) found not to have been violated by this respondent, we see no way to reach the issue of constitutional infirmity as applied to these facts, and no reason to travel further to reach the issue of possible unconstitutionality on its face of a rule which respondent did not violate.

*By the Court.*—Order affirmed as to finding rules (u) and (f) to have been violated by respondent; affirmed as to finding rule (k) not to have been violated by respondent; reversed as to vacating proceedings before the appellant commission. Cause remanded to the circuit court with directions to remand to appellant commission for reconsideration and redetermination of penalty.