STATE EX REL. CUTLER, Plaintiff in error, V. SCHMIDT, Defendant in error.

*No. 75–91–CR. Submitted on briefs February 4, 1976.—Decided August 2, 1976.*
(Also reported in 244 N. W. 2d 230.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Robert J. Paul,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. Petersen,* assistant attorney general.

DAY, J. By writ of error, the plaintiff in error, Wayne Cutler, ("petitioner"), seeks review of the order of the circuit court for Pierce county which upheld the decision of the defendant in error, Wilbur J. Schmidt, secretary of the Wisconsin Department of Health & Social Services, revoking the parole of petitioner. The court order was entered March 17, 1975.

The sole issue we need reach is whether the reviewing court erred in determining that sufficient evidence existed for the Department of Health & Social Services to revoke the petitioner's parole. The petitioner was accused of violating his parole in three particulars. One such was the allegation that he ". . . failed to notify the agent of [his] whereabouts . . . on April 9, 1974, as directed by the agent on April 8, 1974." We hold, as did the reviewing court, that this violation of the parole agreement between parolee and state department was clearly established by unchallenged evidence at the department hearing on revocation.

On March 20, 1973, petitioner pled guilty to a felony charge of forgery and received a two-year prison sentence. He was paroled March 22, 1974. He signed a standard form "C–10" parole agreement, which required that the parolee keep his parole agent, James Jablonski, informed of his whereabouts and activities as required by Mr. Jablonski. On April 8, 1974, petitioner was given permission by his agent to go out of state to work subject to the condition that, the day after his arrival in the Iowa city in which he was to work, he was to inform his agent of his specific residence. The agent, Mr. Jablonski, testified at the department hearing:

"I had him sign appropriate travel permits and I gave him certain instructions pertinent to this plan, one of which specifically included that the day after his arrival in Independence, Iowa, he would be obligated to inform me of his specific residence, either by calling me the—on that day or informing me by letter. I never received

the phone call, nor did I receive anything in the mail giving me his specific address."

Mr. Jablonski also testified that he had not received any communication as to an Independence, Iowa, address. Additionally, on cross-examination, the agent testified that ". . . I told him it was absolutely imperative I get a specific address so that I could complete the travel permits and submit them to my supervisor which I was obligated to do." Such evidence, not rebutted or disputed at the revocation hearing before the department examiner, establishes the fact of violation of a condition of the parole agreement by petitioner.

It is the position of the petitioner that his failure to report between April 9, when the instructions required him to, and late in the evening of April 12, when he returned to this state in response to the request of St. Croix county officials concerning the disappearance of a fourteen-year-old girl, believed to be with this petitioner, was *de minima*. In another case, *State ex rel. Solie v. Schmidt* (1976), 73 Wis. 2d 76, 242 N. W. 2d 244, our court held that leaving the state without permission, even with the professed intention to return, justified revocation of probation. There the probationer had completed 18 out of 24 months of probation, and was picked up the first day after his absconding. Here, as in *Solie,* the failure of this petitioner to account for his whereabouts as instructed by his parole agent was, even for a short period of time, both a rational basis and adequate ground for revocation of his parole. As our court has held, the violation of a condition of probation or parole is a "sufficient ground for revocation." (*See: State ex rel. Plotkin v. H&SS Department* (1974), 63 Wis. 2d 535, 544, 217 N. W. 2d 641.) It is essential to the orderly operation of the probation and parole system that where permission to leave the state is granted, the probationer or parolee

advise the agent of his whereabouts when requested. Here there is no evidence of any good faith effort to comply with this request.

The petitioner's right of review of a departmental revocation hearing is by *certiorari* directed to the court of conviction. The scope of such review, our court has held ". . . shall be addressed to whether the department's action was arbitrary and capricious and represented its will and not its judgment." *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 550, 185 N. W. 2d 306. The burden of proving by a preponderance of the evidence that the board's action was arbitrary and capricious ". . . rests squarely upon the prisoner [here the petitioner] and if he fails to sustain the burden, the courts will not interfere with the board's decision." *Id.,* at page 550, quoting: *Johnson v. Stucker* (1969), 203 Kan. 253, 453 Pac. 2d 35, 42, certiorari denied, 396 U. S. 904, 90 Sup. Ct. 218, 24 L. Ed. 2d 180. Here that burden was not met. The uncontroverted testimony at the revocation hearing established that this petitioner did violate an important condition of his parole agreement and the specific instructions of his parole agent in failing to promptly report his specific residence in the state to which he went. While other challenges are made as to the finding that the parole agreement was violated in two other particulars, we need not reach either of such challenges or the other two grounds asserted as justifying revocation. It is enough here to hold that the evidence at the revocation hearing clearly established a violation of a condition of parole, which violation warranted the department in revoking the parole of this petitioner.

*By the Court.*—Order affirmed.