SNAJDER, Appellant, v. STATE, Respondent.†

*No. 75–462–CR. Argued October 6, 1976.—*
*Decided November 16, 1976.*
(Also reported in 246 N. W. 2d 665.)

† Motion for rehearing denied, without costs, on January 19, 1977.

For the appellant the cause was argued by *Jack E. Schairer,* assistant state public defender, with whom on the briefs was *Howard B. Eisenberg,* state public defender.

For the respondent the cause was argued by *James H. Petersen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C. J. On November 10, 1969, Walter Snajder, the appellant, was convicted of armed robbery while masked, contrary to secs. 943.32(2) and 946.62, Stats., and sentenced to an indeterminate term not to exceed fifteen years.

He was paroled November 13, 1972. On October 17, 1973, he was assigned to a new parole officer, David L. Sartori. Snajder informed Sartori his residence address was 1121 South 61st Street, West Allis, Wisconsin, where he lived with his mother and stepfather. In January of 1974, Sartori attempted to visit Snajder at that address. Sartori was told by a woman there that Snajder did not live there. However, because of language difficulties, Sartori was not sure she fully understood him. To verify his residence, Sartori sent Snajder a certified letter to the West Allis address and directed Snajder to bring the envelope to his next scheduled appointment. Snajder did bring in the envelope.

Snajder failed to keep his regular March, 1974 appointment. Sartori then directed him to report on March 27. Snajder called to advise that he would report at 3 p.m. He did not keep this appointment. Sartori learned the next day that Snajder had been arrested and was in the county jail.

Snajder was arrested at the home of his fiancee "at 2609 South 70th Street," Milwaukee, Wisconsin. When arrested by the police at the South 70th Street address he stated he was Walter Smith, but shortly thereafter gave his right name. He stated he paid the rent, lived there and intended to live there. At the time he was arrested the police found and seized a stolen snowmobile, stereo equipment, a handgun, an outboard motor and other items.

The district attorney did not issue a complaint but Snajder was held in the county jail on a parole hold order.

On April 4, 1974, Sartori visited Snajder at the county jail to interview him. Snajder refused to answer questions unless the hold order was removed or his attorney was present. Sartori had no objection to the presence of an attorney but the attorney could not be located. Sartori insisted on discussing the matter but Snajder refused,

stating he was told by his own attorney and the district attorney not to talk about his presence at South 70th Street or the stolen goods unless an attorney was present.

A recommendation that Snajder's parole be revoked was submitted to the department on April 10, 1974. The bases of this recommendation were: (1) The parolee's identification of himself as Walter Smith to the police; (2) the parolee's falsification of his residence in his monthly report; (3) the parolee's refusal to answer questions submitted by his agent; and (4) outstanding warrants on the parolee for eluding and driving after revocation. The first and fourth charges were eventually dropped. At the parole revocation hearing Snajder testified that although he paid part of the rent at his girl friend's residence he was only staying there part-time and his full-time residence was that which he had reported, and that he was told by his own attorney and the district attorney not to talk about the stolen property.

Snajder's parole was revoked by the department. The revocation order recited (1) he falsified his residence, (2) refused to account for his presence at the South 70th Street address, and (3) refused to account for the stolen property found at that address.

A writ of certiorari was obtained from the circuit court for Milwaukee county to review the department's order of revocation.

The circuit court concluded the evidence in the record was sufficient to support the finding that Snajder falsified his residence to his parole officer in violation of the parole agreement.

As to his refusal to account for his presence at South 70th Street and his refusal to account for the snowmobile, boat, outboard motor, stereo equipment and other merchandise, the trial court concluded the evidence was "totally insufficient to adequately review the propriety of the Department's decision."

The court reasoned that Snajder was advised by his own attorney and the district attorney not to discuss his presence or give any information about the supposedly stolen property; that this put Snajder in the position of either disobeying his parole agent or the district attorney, both arms of the state; and that the record was barren with respect to the nature of the district attorney's investigation and admonitions given Snajder.

The circuit court remanded the record to the department with directions to state the relative weight each "allegation" is to have if Snajder's parole is to be revoked. The order of remand also directed that additional evidence be taken on the two questioned reasons for revocation and that if no additional evidence was presented the department rule as to whether the single finding of falsifying his residence was sufficient.

Two issues are presented:

(1) Is the order remanding the record to the department appealable?

(2) If so, in certiorari can the court order further findings and conclusions and the taking of additional evidence?

Shortly after the remand order was issued Snajder petitioned this court for writs of prohibition to prohibit the remand and mandamus to direct the circuit court to decide the issue on the record that had been certified to it. Both petitions were denied, primarily upon the ground Snajder had an adequate remedy by appeal.

The state now takes the position the order is not appealable because it does not terminate the controversy and that if the final disposition is adverse to Snajder he then has a right to appeal.

Sec. 274.33 (3), Stats., authorizes an appeal ". . . when an order . . . grants, refuses, continues, modifies, or dissolves a provisional remedy. . . ."

█ The statute does not define "provisional remedy," but in discussing it this court stated:

"The remedy, therefore, is affirmative relief given when the exigencies of the case require it, and it is a remedy outside of and beyond those ordinary proceedings in an action which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court." *Noonan v. Orton,* 28 Wis. 386, 387 (1871).

█ It is apparent the circuit court believed the exigency of the case required a remand to the department. The remand was beyond the ordinary scope of certiorari review. It was ordered because the circuit court was of the opinion the record was inadequate for a proper review. It was a provisional remedy requiring the department and the parties to further action in the parole revocation hearing. The question is whether the circuit court's order was beyond its jurisdiction in a certiorari review. The order called for provisional remedy and is appealable.

█ █ Review of a parole revocation hearing is by certiorari directed to the court of conviction. *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 550, 185 N.W.2d 306, 311 (1971). Review by certiorari is limited to the following questions:

"(1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question."[1]

---

[1] *State v. Goulette,* 65 Wis.2d 207, 215, 222 N.W.2d 622, 626 (1974); *State ex rel. Gudlin v. Civil Service Comm.,* 27 Wis.2d 77, 82, 133 N.W.2d 799, 802 (1965); *State ex rel. Ball v. McPhee,* 6 Wis.2d 190, 199, 94 N.W.2d 711, 716 (1959).

Upon review the court was traditionally bound to either affirm or reverse.[2]

In *State ex rel. Momon v. Milwaukee County Civil Service Comm.*, 61 Wis.2d 313, 212 N.W.2d 158 (1973), this court expanded the options of the certiorari review. In *Momon*, a hospital employee had been discharged by the civil service commission for violation of three commission rules. The Milwaukee county circuit court, on certiorari review, held that the findings concerning two rules were correct, but that there was "no evidence whatsoever" to support the finding concerning the violation of the third rule. The circuit court believed that because of the nature of the certiorari proceeding it was bound to either reject the decision of the commission in toto or accept it as it was. The circuit court held that it could not approve the decision because to do so would permit the commission to exceed its jurisdiction by imposing a penalty in part upon the hospital employee for violating a rule which had not been substantiated by any evidence. The court set aside the suspension, thereby vacating the entire commission ruling. On appeal, this court, citing *Meehan v. Macy*, 392 F.2d 822, 839 (D.C. Cir. 1968), held that the circuit court was not bound to an either-or proposition. *Momon, supra* at 319–21.

After agreeing with the circuit court that there was no evidence to support a finding of a violation of a third civil service rule, we remanded to the circuit court with instructions to remand to the civil service commission to determine whether the same or different penalty was appropriate where the violation of two rules, not three, had been established.

[2] *State ex rel. McDiarmid v. Knight*, 172 Wis. 138, 141, 178 N.W. 253, 254 (1920), *citing State ex rel. Nelson v. Emerson*, 137 Wis. 292, 118 N.W. 836 (1908).

In this case the circuit court concluded the evidence was sufficient to support the department's finding that Snajder violated his parole agreement by falsifying his actual residence. It further concluded the evidence was sufficient to support the finding that Snajder refused to answer questions by his parole officer concerning his presence at his fiancee's residence and the stolen property. The department's order of revocation was based in part upon these two refusals to answer. The circuit court believed these refusals many have been justified because of Snajder's assertion that his refusal to answer was pursuant to the instruction of his own attorney and the district attorney.

 Based upon *Momon, supra,* the circuit court remanded to the department. As in *Momon,* the order directed a determination of whether the revocation could be ordered on the basis of the first violation alone. This was proper. However, the remand order here went beyond this. The circuit court believed that the alleged instructions of the district attorney to remain silent created a "vital" question and that the record was "barren" concerning it. The court, therefore, ordered the department to determine whether Snajder's claim was true and, if so, whether it excused the violation of the parole agreement. This was a significant difference from the remand in *Momon.* The remand there was concerned only with whether the discharge was justified when based upon two, not three, of the violations. Here the remand was concerned with more than whether the revocation was justified if only one violation, not three, was supported by the record; it also ordered a second hearing where the record could be supplemented by additional evidence. In effect, the department was given a second "kick at the cat" to show that the second and third violations were supported by evidence which would reasonably support the revocation order. Without such supplemental evidence the circuit court stated it would

have to find the action was arbitrary and capricious and represents the department's will rather than its judgment.

▮▮ The concept of due process and fair play applies to parole revocation procedures. *State v. Goulette,* 65 Wis.2d 207, 216, 222 N.W.2d 622, 627 (1974). A remand which directs or permits supplementing the record by additional evidence violates this concept. Such a second hearing is analogous to allowing a second trial to "shore up" the record to support the judgment. That, of course, would violate due process. In holding that a parolee was entitled to due process, the United States Supreme Court noted that one reason for a due process hearing was that "fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness."[3] Nothing could seem more arbitrary to a parolee than a court's allowing the department a second chance at establishing grounds for revocation.

▮ Just as due process and fairness require a hearing before revocation, *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 546, 185 N.W.2d 306, 309 (1971), this same concept ought to require that the facts necessary to establish the validity of revocation be established at a single proceeding. If a parolee offers a defense to his violation, as Snajder did, the department is bound to consider the defense. Ignoring the questions of whether the district attorney had instructed Snajder not to talk to anyone about this case, whether Snajder informed his agent that this was his reason for refusing to talk to him, and whether such instructions would have justified Snajder's refusal to answer questions, leads to a conclusion that the department was exercising its will rather than its judgment.

The state argues that this case is like *Edmonds v. Board of Fire & Police Commrs.,* 66 Wis.2d 337, 224

---

[3] *Morrissey v. Brewer,* 408 U.S. 471, 484 (1972).

N.W.2d 575 (1975), and that the remand should be permitted as it was in *Edmonds*. In *Edmonds*, two policemen were suspended for conduct unbecoming police officers after a hearing before the Board of Police and Fire Commissioners. Upon review, a certiorari court declared findings of guilty a nullity and ordered the suspension set aside. On reviewing the decision this court considered whether the findings of the board were sufficiently definite and certain. Because they were not, the case was remanded to the board with instructions to specifically set forth findings of fact and conclusions of law. *Id.* at 349, 224 N.W.2d at 581. Because there has been no showing of newly discovered evidence, supplementing the record with a new hearing should not be allowed.

Unlike *Edmonds*, in this case the findings and the basis for them was specifically set forth. Due process was found to necessitate the remand in *Edmonds*. A second hearing to consider the validity of Snajder's claim to silence offends due process. Because a second hearing offends due process the circuit court exceeded its jurisdiction in ordering the record supplemented by additional evidence.

The order of remand insofar as it directs the department to consider whether Snajder's falsification of his residence was sufficient to justify the parole revocation was proper and is affirmed. The remand insofar as it permits the department to take additional evidence is beyond the jurisdiction of the court in certiorari review and is reversed.

It is suggested that the finding of the department that Snajder falsified his residence, standing alone, is sufficient to warrant revocation of parole and upon that basis the department's order should be affirmed.

In *State ex rel. Solie v. Schmidt*, 73 Wis.2d 76, 242 N.W.2d 244 (1976), a probationer left the state of Wis-

consin without obtaining permission from his agent. Solie, his wife and two male companions were stopped by police outside Lincoln, Nebraska. He voluntarily returned to Wisconsin. His probation was revoked because he left the state without prior consent of his probation agent. In finding that the revocation was neither arbitrary nor capricious, this court noted that it was basic to any system of probation that the probationer remain within the jurisdiction of the department. *Id.* at 80, 242 N.W.2d at 246. It was also noted that during eighteen months of probation Solie had a poor work record and the department, apparently because of his attitude, considered him unsuitable for supervision. *Id.* at 80–81.

The plaintiff in error in *State ex rel. Cutler v. Schmidt*, 73 Wis.2d 620, 244 N.W.2d 230, argued that the circuit court erred in determining that the Department of Health & Social Services had sufficient evidence to support his parole revocation. Cutler received permission to travel to Iowa. He was to inform his agent immediately of his specific residence. He arrived in Iowa on April 9, 1974, but failed to report his residence until April 12th. He returned to Wisconsin on the 12th in response to the request of St. Croix county officials who believed a missing fourteen-year-old girl was with him. The court, in sustaining the revocation, noted that "the violation of a condition of probation or parole is a 'sufficient ground for revocation.'" *Id.* at 622, 244 N.W.2d at 231. One condition of parole violated was the failure to notify his agent of his whereabouts.

In *Solie* the probationer was in actuality absconding from probation. *Cutler, supra* at 622, 244 N.W.2d at 231. He had removed himself from the jurisdiction of Wisconsin. This is a very serious violation. In addition, there was another ground for revocation—the probationer's unsuitability for supervision. Snajder did not

abscond. His falsification of residence is a serious violation, but standing alone it may have been insufficient to support a revocation. This would depend on the department's policy. Every violation of probation or parole does not result in automatic revocation.

In *Cutler* the parolee took a fourteen-year-old girl with him to Iowa. He, too, left the jurisdiction of Wisconsin. Also, he left shortly after being paroled, whereas Snajder, who had been on parole for fifteen months, did not abscond and was reporting to his parole officer. Because of these factual differences *Solie* and *Cutler* do not apply.

The department should determine whether the single violation under the facts present here is sufficient to warrant revocation.

*By the Court.*—Order affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.