STATE EX REL. HAWKINS, Petitioner-Appellant, v. DEPART-
MENT OF HEALTH & SOCIAL SERVICES, Respondent.

Supreme Court

*No. 77-205. Argued October 8, 1979.—
Decided November 6, 1979.*
(Also reported in 284 N.W.2d 680.)

For the appellant there was a brief and oral argument
by *Kenneth Guy*, Legal Aid Society of Milwaukee, public
defender felony division.

For the respondent the cause was argued by *Marguerite M. Moeller*, assistant attorney general, with whom
on the brief was *Bronson C. La Follette*, attorney general.

*PER CURIAM.* This appeal is taken from an order
which affirmed the revocation of Roy Lee Hawkins' probation. We dismiss the appeal as moot.

Hawkins pleaded guilty to one count of burglary,
party to a crime, on December 27, 1976. On the same date
the court withheld sentencing and placed Hawkins on
probation for three years under the supervision of the

Wisconsin Department of Health and Social Services (Department).

On February 2, 1977, Hawkins was arrested on a new criminal charge. After a hearing held on March 30, 1977, the Department revoked Hawkins' probation, and on July 22, 1977, the court sentenced Hawkins to three years of incarceration.

On review of the probation revocation by writ of certiorari, *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 185 N.W.2d 306 (1971), the circuit court entered an order affirming the revocation of Hawkins' probation. Hawkins appeals from this order arguing that the Department's actions in revoking Hawkins' probation were arbitrary and capricious and that the Department did not act according to law. *State ex rel. Shock v. H&SS Dept.,* 77 Wis.2d 362, 367, 253 N.W.2d 55 (1977) ; *Snajder v. State,* 74 Wis.2d 303, 310, 246 N.W.2d 665 (1976).

By letter dated October 8, 1979, the assistant attorney general has informed this court that Hawkins was released on parole on December 15, 1978 and that he is scheduled to be discharged from parole supervision on February 2, 1980. If his probation had not been revoked, he would be discharged from probation supervision on December 27, 1979, or thirty-seven days earlier.

We conclude that Hawkins' appeal is moot. He has been released from incarceration. He will soon be released from all custody, and the difference of thirty-seven days in the timing of his release from probation or parole supervision is de minimus. That his probation was revoked does not constitute such a "blot" on his record so as to require judicial intervention. *State ex rel. Renner v. H&SS Dept.,* 71 Wis.2d 112, 117, 237 N.W.2d 699 (1976).

The appeal is dismissed.

SHIRLEY S. ABRAHAMSON, J. *(dissenting)*. I would not dismiss the appeal as moot. As a result of the recovation of his probation, the Department's supervision over Hawkins has been extended thirty-seven days. During this period, Hawkins will be required to comply with the conditions of parole, and he will face the risk of revocation of his parole and additional time in prison.[1] Also, as a practical matter, I am concerned that should Hawkins ever be convicted again, his sentencing may be affected by his prior revocation of probation.[2] Even if the appeal is moot as to Hawkins, the issue presented in this appeal may be a recurring one which the court should address. *Racine v. J-T Enterprises of America, Inc.*, 64 Wis.2d 691, 700–702, 221 N.W.2d 869 (1974); *State v. Goulette*, 65 Wis.2d 207, 212, 222 N.W.2d 622 (1974).

The record shows that the basis for the revocation of Hawkins' probation was his alleged violation of the first clause of Rule 1 of the "Conditions, Rules and Regulations of Probation and Parole," a standard probation and parole agreement which the probationer signs and which establishes the rules of conduct to be followed while on probation.

The first clause of Rule 1 provides: "I shall avoid all conduct which is prohibited by criminal statute of the State, the United States, or by municipal ordinance."

---

[1] *See, e.g., State of Wisconsin ex rel. Troy Jones v. H&SS Dept.* (No. 77–126) (dismissed as moot), in which the probationer absconded two days before the expiration of probation. When he turned himself in his probation was extended for another two years. During the extension, the Department attempted to revoke the probation.

[2] On the basis of extensive study, Professor Dawson concluded: "If a defendant has seriously violated probation previously, it is unlikely he will be placed on probation again, and a defendant who has served a felony prison sentence, whether as a result of probation revocation or a direct commitment, is unlikely to be given probation upon a subsequent felony conviction." Dawson, *Sentencing: The Decision as to Type, Length and Conditions of Sentence* 82 (1969).

It is clear from the testimony of the probation agent that she interpreted the first clause of Rule 1 to mean that the probationer agrees not to commit a crime; that she thought Hawkins' conduct of riding in a vehicle which he knew to be stolen constituted a criminal act; and that she believed Hawkins' probation should be revoked because she viewed him as having committed two felonies (burglary of which he was convicted and placed on probation and operating a motor vehicle without owner's consent as party to a crime of which he is accused) within a five-week period.

Hawkins' defense at the probation revocation proceeding, at the hearing in the circuit court and on appeal is that his conduct did not constitute a crime and therefore no violation of the condition of probation occurred.

The hearing examiner did not expressly determine the meaning of Rule 1, nor did she expressly decide whether Hawkins' conduct constituted a crime. The examiner merely concluded that probation must be revoked on the ground that Rule 1 was violated because Hawkins "was present during the time that the plan was made to steal the car for the purpose of he and his two friends having transportation to Madison. He and the two friends drove in the stolen car to Madison, as planned, knowing that it had been stolen. . . ."

From the transcript of the circuit court hearing it appears that both counsel for the State and counsel for Hawkins argued the case on the theory that the key issue was whether it was reasonable for the Department to believe that Hawkins engaged in criminal conduct.

The State concedes on appeal that as a matter of law Hawkins' conduct did not constitute a crime. The State argues that by agreeing to Rule 1 the probationer agrees to avoid two categories of activity: (1) The probationer agrees to avoid engaging in conduct prohibited by criminal statute; and (2) The probationer agrees to avoid any connection with conduct prohibited by criminal stat-

ute.[3] The State asserts on appeal that Hawkins violated Rule 1 by activities which fall into the second category.

Even if we were to accept the State's interpretation of Rule 1 as the interpretation intended by the parties to the probation agreement, we would have to analyze the record to determine whether the Department conducted the revocation hearing and reached its decision to revoke on the ground (now urged on appeal) that Hawkins was connected with criminal activity, or on the mistaken ground that Hawkins had engaged in criminal activity as a party to a crime.

The first step in a probation revocation proceeding is to determine whether in fact there was a breach of the condition of probation. If the Department erred in finding a breach of a condition of probation the revocation cannot stand.[4] If the record shows that the Department's

[3] Rule 1 of an earlier form of the agreement stated:

"I will make a sincere attempt to avoid all acts which are forbidden by law and contrary to public welfare or my own best interest." Notes, *Wisconsin Criminal Procedure,* 1966 Wis. L. Rev. 526, n. 681.

Standard 3.2 of the American Bar Association *Standards Relating to Probation* states: "It should be a condition of every sentence to probation that the probationer lead a law-abiding life during the period of his probation."

[4] *Morrissey v. Brewer,* 408 U.S. 471, 483–484 (1972).

". . . Upon the granting of probation or parole, the convict is entitled to conditional liberty and is possessed of a right which can be forfeited only by reason of a breach of the conditions of the grant." *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 548, 185 N.W.2d 306 (1971). *See also State ex rel. Plotkin v. H&SS Dept.,* 63 Wis.2d 535, 217 N.W.2d 641 (1974).

The second step in a probation revocation proceeding is for the department to determine in the exercise of proper discretion whether it is in the best interests of the prisoner, of the penal system and of society to effect a revocation of probation. *State ex rel. Plotkins v. H&SS Dept., supra.*

For a discussion of the Department's power to bring a second revocation proceeding on new grounds or to reopen the revocation proceeding to introduce more evidence, see *Snajder v. State,* 74 Wis.2d 303, 313, 246 N.W.2d 665 (1976).

decision to revoke was based on the belief that Hawkins had engaged in criminal activity, the revocation order is contrary to law. As I noted previously, the State concedes on appeal that Hawkins did not engage in criminal activity.

The State's brief further urges that the revocation of Hawkins' probation was not arbitrary or capricious because the evidence adduced at the probation hearing shows that he violated the second clause of Rule 1, which provides:

"I shall avoid all reasonably avoidable associations and communication with known criminals, persons having a notorious and bad reputation, or persons whose association is detrimental to my ability to successfully complete the period of supervised custody."

Even if the evidence shows that Hawkins' conduct violated this clause of Rule 1, we would have to analyze the record to determine whether Hawkins was advised that violation of this condition would be the basis for revocation as required by due process standards. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *State ex rel. Flowers v. H&SS Dept.*, 81 Wis.2d 376, 394–95, 260 N.W. 2d 727 (1978). We would also have to determine whether the Department exercised its discretion to revoke probation on this ground. The Department need not revoke probation for every violation of a condition of probation.[5]

---

[5] See note 4, *supra.*

A study of the probation revocation practices of three states, including Wisconsin, found:

"Although legal authority exists for revocation on the basis of noncriminal rules infractions, in practice revocations are ordinarily sought only when the probationer has engaged in serious criminal conduct. In the three states, this was invariably true except for absconding and repeated, flagrant rules violations. This is not to imply, however, that all criminal conduct or even all serious criminal conduct results in revocation. Discretion not to revoke is exercised when the violation is criminal as well as when it is noncriminal." Dawson, *supra* note 2.

The issue in this appeal is not whether probation could have been or should have been revoked. The issue is whether the revocation proceedings were conducted pursuant to law. *State ex rel. Shock v. H&SS Dept.*, 77 Wis. 2d 362, 367, 253 N.W.2d 55 (1977) ; *Snajder v. State,* 74 Wis.2d 303, 310, 246 N.W.2d 665 (1976).

Whether or not the appeal is moot as to Hawkins, I would address the issues raised by this case because probation revocations occur with a fair degree of frequency and because, I assume, Rule 1 is often cited as a rule which has been violated.

