STATE of Wisconsin EX REL. James A. LEROY, Jr., Petitioner-Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES, State of Wisconsin, Respondent.

Court of Appeals

*No. 82–1114. Submitted on briefs November 11, 1982.— Decided December 14, 1982.*
(Also reported in 329 N.W.2d 229.)

For the petitioner-appellant the cause was submitted on the briefs of *Mark Lukoff*, first assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

MOSER, P.J. James A. Leroy, Jr. (Leroy) appeals from a judgment of the trial court denying his petition for a writ of certiorari and affirming the revocation of

his parole. Because we conclude that Leroy's due process rights have not been violated, we affirm.

On June 17, 1974, Leroy was convicted of armed robbery and was sentenced to ten years' imprisonment. Leroy was paroled on July 29, 1980. On January 12, 1981, the Department of Health and Social Services (Department) sought to revoke Leroy's parole on the ground that he had stabbed Sharon Reed (Reed) on October 9, 1980. A parole revocation hearing was held before hearing examiner James Schernecker (Schernecker) who found that the Department had failed to meet its burden of proof and that there was no basis to revoke Leroy's parole. On March 18, 1981, the Department affirmed the examiner's decision not to revoke Leroy's parole.

Subsequently, Leroy was convicted by a jury of injury by conduct regardless of life, contrary to sec. 940.23, Stats., for stabbing Reed. This was the same incident which was the basis for the first parole revocation hearing. On October 5, 1981, he was sentenced to forty-two months in prison to run consecutively with his parole revocation.

Following his conviction, the Department commenced a second parole revocation proceeding against Leroy on the basis of his conviction. This hearing was again held before Schernecker who found that the conviction was a parole violation and ordered Leroy's parole revoked January 8, 1982. Leroy's counsel did not appear at this hearing. Leroy objected to the second hearing because it dealt with the same conduct as the first hearing. Schernecker's findings note this objection. Leroy appealed the revocation order to the Department which affirmed the revocation.

On March 1, 1982, Leroy commenced this certiorari proceeding in the circuit court. The trial court dismissed Leroy's petition, concluding that there was no denial of

due process as a result of a second revocation hearing because the second hearing was based on the conviction while the first was merely based on Leroy's conduct. Judgment was entered June 9, 1982, from which Leroy appeals.

Leroy raises the following issues on appeal: (1) whether the Department was without jurisdiction to conduct the second revocation hearing; and (2) whether the Department violated his due process rights by conducting the second revocation hearing without the presence of Leroy's appointed counsel or without a waiver of counsel by Leroy.

Leroy argues that he was denied due process because the Department held two revocation hearings in his case. He maintains that the Department had no jurisdiction to hold the second revocation hearing. The State argues that the Department had jurisdiction to conduct a second hearing because the first hearing was based only on the facts surrounding the stabbing of Reed, while the second hearing was based on the conviction of injury by conduct regardless of life. We agree with the State's position.

The standard of review on a certiorari matter brought before the convicting trial court is limited to the trial court determining:

(1) whether the board kept within its jurisdiction;
(2) whether it acted according to law;
(3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and,
(4) whether the evidence was such that it might reasonably make the order or determination in question.[1]

___

[1] *State ex rel. Shock v. DHSS,* 77 Wis. 2d 362, 367, 253 N.W.2d 55, 57 (1977).

Our standard of review is the same as the trial court's.[2] In determining whether the Department "acted according to law," we must ascertain whether fair play and minimal due process was accorded Leroy.[3] Our review also looks to whether the Department has followed the rules which it has promulgated.[4]

The concepts of due process and fair play apply to parole revocation hearings.[5] A trial court which remands a case to the Department, directing it or permitting it to hold a second hearing to "shore up" the record with additional evidence, violates the concepts of due process and fair play.[6] It would be arbitrary to give the Department a second chance at establishing grounds for the revocation. While due process and fair play ought to require that the facts necessary for revocation be established in a single hearing,[7] a second hearing may be held on the basis of newly discovered evidence without offending the concept of due process.[8] While the Department is entitled to commence new proceedings on different grounds, any subsequent proceedings must be treated as entirely separate and must comport with due process.[9]

■

The record reflects that Leroy received notice of the second hearing which was held at Waupun Correctional

[2] *State ex rel. Cox v. DHSS*, 105 Wis. 2d 378, 380, 314 N.W.2d 148, 149 (Ct. App. 1981).

[3] *State v. Goulette*, 65 Wis. 2d 207, 215, 222 N.W.2d 622, 626–27 (1974).

[4] *State ex rel. Meeks v. Gagnon*, 95 Wis 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980).

[5] *Snajder v. State*, 74 Wis. 2d 303, 313, 246 N.W.2d 665, 669 (1976); *Goulette, supra* note 3, at 216, 222 N.W.2d at 627.

[6] *Snajder, supra* note 5.

[7] *Id.* at 313, 246 N.W.2d at 669–70. *State ex rel. Gibson v. DHSS*, 86 Wis. 2d 345, 353, 272 N.W.2d 395, 400 (Ct. App. 1978).

[8] *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 394, 260 N.W.2d 727, 737 (1978); *see Snajder, supra* note 5, at 314, 246 N.W.2d at 670.

[9] *Gibson, supra* note 7, at 354, 272 N.W.2d at 400.

Institution on January 6, 1982. We note that the only evidence presented to the examiner was a certified copy of Leroy's conviction. We hold that the evidence of his conviction was new evidence which entitled the Department to commence a second revocation hearing. We further hold that the second revocation hearing did not violate the minimum requirements of due process.[10] Accordingly, we conclude that the trial court was correct when it ruled that the Department was within its jurisdiction when it held the second revocation hearing.

Leroy also argues that the Department was collaterally estopped from holding a second revocation hearing. We disagree.

For the same reasons as stated above, Leroy is not entitled to rely on collateral estoppel. The matters raised in the second hearing were not identical to those raised at the first hearing. The evidence of Leroy's conviction was a new relevant fact to be considered by the examiner. Here, the controlling facts and applicable legal rules have not remained unchanged.[11]

Lastly, Leroy argues that he was denied due process by not having his counsel present at the second revocation hearing. We disagree.

Counsel is not absolutely required in all probation and parole cases.[12] Counsel should be appointed if the alleged probation or parole violator presents a:

[C]olorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and

[10] *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972).

[11] *State ex rel. Lyons v. DHSS*, 105 Wis. 2d 146, 150, 312 N.W.2d 868, 870–71 (Ct. App. 1981).

[12] *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973).

make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.[13]

The Department may determine the need for counsel on a case-by-case basis consistent with these standards.[14]

Here, Leroy's appointed attorney simply failed to attend the second hearing. After Schernecker advised Leroy that he was going to proceed without Leroy's counsel present, Schernecker placed Leroy's objection to proceeding on the record to preserve the matter for appeal. We conclude that Schernecker's proceeding without Leroy's counsel was not a denial of due process especially in light of Leroy's statement: "What type of defense can I put up against a conviction? I was found guilty by a jury and was sentenced by the judge." The only argument that Leroy can make for the need for counsel is based on the second prong of the *Scarpelli*[15] test. However, the issues before Schernecker at the second hearing were simple and did not require a lawyer present. Accordingly, we hold that Leroy was not denied his due process rights by not having his counsel present at the second revocation hearing.

*By the Court.*—Judgment affirmed.

[13] *Id.* at 790.

[14] *State ex rel. Cresci v. Schmidt*, 62 Wis. 2d 400, 413, 215 N.W. 2d 361, 367 (1974).

[15] *Scarpelli, supra* note 12, at 790.